Taet, J.,
dissenting. Since I have a high regard for the character, ability and integrity of respondent and believe that he would undoubtedly be a capable judge of the Municipal Court of Columbus, it is with sincere regret that I dissent from the judgment in the instant case. However, the General Assembly has specifically provided in Section 1901.06, Bevised Code, that “a municipal judge * * * shall have been actively engaged in the practice of law as his principal occupation for at least five years.”
As recognized in the majority opinion, unless respondent was, within the meaning of those statutory words, “actively engaged in the practice of law as his principal occupation” while he was employed as Chief of the Permit Division of the Department of Liquor Control of the state of Ohio, then the writ prayed for must be allowed.
Section 109.02, Bevised Code, provides so far as pertinent:
“The Attorney General is the chief law officer for the state and all its departments * * *. No state officer, board, or head of a department or institution of the state shall employ, or be represented by, other counsel or attorneys at law.”
Nothing in any of the statutes referred to in the majority *455 opinion will support a reasonable conclusion that the General Assembly intended to modify these clear and explicit statutory provisions.
If while serving as Chief of the Permit Division of the Department of Liquor Control respondent’s duties were such that he could reasonably be said to have been “actively engaged in the practice of law as his principal occupation” (the majority opinion so states as the basis for its conclusion), then it should be obvious that, in view of the provisions of Section 109.02, Revised Code, such practice of law was a practice of law specifically prohibited by statute.
This decision therefore amounts to a holding that a practice of law which is in effect prohibited by Section 109.02, Revised Code, may amount to the “practice of law” which is required by Section 1901.06, Revised Code. Such a conclusion is entirely inconsistent with the decision recently rendered by this court in State, ex rel. Flynn, v. Board of Elections, 164 Ohio St., 193, 129 N. E. (2d), 623, and especially with the reasons given for that decision. It would also appear to be inconsistent with the provisions of Section 121.02 (K) creating the Department of Liquor Control as an “administrative” department and the reasoning given in support of the decision in Goodman v. Beall et al., Industrial Commission, 130 Ohio St., 427, 431, 200 N. E., 470.
Stewart, J., concurs in the foregoing dissenting opinion.