Unauthorized Practice of Law in Cuyahoga County, In re: Brown, Weiss and Wohl et.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26124.   Decided October 17, 1962.

494

*Mr. Gilbert Weil, Messrs. Benesch, Friedlander, Mendelson & Coplan, Mr. Richard F. Patton,* for petitioner-appellee.

*Mr. Robert B. Loeb, Messrs. Sindell, Sindell, Bourne & Markus, Mr. Richard M. Markus, Mr. Alan Arnold* of counsel, for respondents-appellants.

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered by the Court of Common Pleas of Cuyahoga County finding the respondents, who are admittedly not licensed to practice law, guilty of engaging in the practice of law before the Industrial Commission, Bureau of Workmen's Compensation, and entering a restraining order enjoining the respondents from continuing in such unlawful conduct.

There is no dispute about the facts. The respondents as a partnership, themselves individually, and the partnership's employees are admittedly engaged as lay representatives or agents in servicing and presenting claims of workmen and, in the event of the death of a workman, their dependents for injuries sustained while acting in the course of such employee's employment, before the administrator and the regional board of appeals of the Bureau of Workmen's Compensation, seeking compensation for such injuries or support where death results therefrom under the provisions of Chapter 4123, Revised Code.

While the appellants set out eight assignments of error, they are grouped into four main headings for argument in their brief, to which this court will direct and limit its attention. They are:

"I. The Trial Court Had No Jurisdiction Over the Subject Matter of This Case

"A. Petitioner Failed to Invoke or Exhaust Clearly Available Administrative Remedies.

"B. The Ohio Constitution and Statutes Authorize Only the Commission to Determine the Qualifications of Its Own Practitioners.

"II. Representation of Claimants Before the Industrial Commission Is Not 'the Practice of Law' for Which Only Licensed Attorneys are Qualified.

"III. The Cross-Examination of the Respondents Below, Who Were Subject to Criminal Sanctions, Was Highly Improper and Prejudicial.

"IV. Appellants Were Not Given a Fair Hearing When Edward Ostrovsky, Appellants' Agent and a Party to the Same Case, Was Excluded from the Courtroom."

The first assignment of error is without legal foundation. The Industrial Commission, Bureau of Workmen's Compensa-

496

tion, is an administrative agency of the executive department of the government. It has been granted limited quasi judicial powers in the administration of the fund created by law for the benefit of employees or for their dependents where death is occasioned by such injuries while acting within the course and scope of their employment. The Constitution of Ohio (Section 35 of Article II) empowers the legislature to pass laws providing compensation for workmen and their dependents in case of death for injuries or occupational diseases occasioned, suffered or contracted in the course of their employment, through a state fund created by compulsory contribution of employers and administered by the state through a bureau to determine the terms and conditions upon which compensation will be made for injury, occupational disease or death, suffered by an employee when he is acting within the scope of his employment. Such system of compensating injured employees, when thus provided for by law and complied with by an employer, relieves such employer from all common law liability to an employee when injured while about his work. The Constitution, in part, provides:

"* * * Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such funds according to such classification and to collect, administer and distribute such fund and determine all rights of claimants thereto. * * *"

Under the authority of Section 35 of Article II of the Constitution, Chapters 4121 and 4123, Revised Code, have been enacted creating the Industrial Commission, which act now includes (amendment of 1955) and creates the Bureau of Industrial Compensation to be administered by the Industrial Commission.. There is no provision in either Chapter 4121 or Chapter 4123, Revised Code, that authorizes the Commission to define the right of a claimant to employ a lay representative to present his claim to the Commission, nor does the act set out the standards necessary to act as a lay representative for a claimant. There are, however, a number of places in the statutes that contain provisions where, by implication, such representation seems to be assumed and regulated. Section 4123.05, Revised Code, provides:

"The industrial commission shall adopt reasonable and proper rules to regulate and provide for the kind and character of notices, and the services thereof, in cases of accident and injury to employees, the nature and extent of the proof and evidence, and the method of taking and furnishing the same, and to establish the right to benefits of compensation from the state insurance fund, the forms of application of those claiming to be entitled to benefits or compensation, and the method of making investigations, physical examinations, and inspections, and shall prescribe the time within which adjudications and awards shall be made."

Section 4123.06, Revised Code, provides, in part, after setting out that the Commission shall make rules concerning the payment of fees to agents or representatives and to prevent solicitation of employment in the prosecution and defense of claims and rules to promote the orderly hearing and determination of claims as follows:

"The commission shall suspend from practice before the commission or in the department of industrial relations for such period of time as the commission determines, or reprimand, as the nature of the offense warrants, representatives of claimants or employers who violate any reasonable rules or regulations made and promulgated by the commission under authority of law. If the commission suspends or reprimands any person admitted to practice law, the commission shall notify the Ohio state bar association and the bar association of the community in which such person resides of the action taken by the commission.

"Before such representative is suspended or reprimanded, written charges shall be filed against him by said commission, or by a person directly interested in the results of the services of such representative stating distinctly the grounds of complaint, and a copy thereof, certified by the secretary of the commission, shall be served upon such representative. After such service, such representative shall be allowed a reasonable time to appear and make a defense, introduce evidence, and be heard either in person or by counsl, or both."

It is also provided that in case of an order of suspension or reprimand of one practicing before the Commission, an appeal may be taken on questions of law to the Supreme Court.

Section I of the Rules of Practice, passed and published by the Commission, provides:

"Except as herein provided, no person may practice before the Industrial Commission of Ohio unless duly licensed to do so by the Industrial Commission of Ohio.

"Practice before the Industrial Commission of Ohio shall be deemed to include practice before any Regional Board of Claims, or any deputy, referee, examiner, supervisor, superintendent, secretary, auditor, actuary, inspector, investigator or employee appointed by the Commission for the purposes contemplated by the workmen's compensation law."

An examination of the record in this case does not demonstrate with any degree of clarity whether or not the defendants appellants complied with the rules of the Commission and were licensed as therein provided and required. The conclusion must be that they have not complied with this rule of the Commission. However, this fact is not of great importance.

It is the contention of the appellants that because of the fact that the rules of the Commission required a trial before it on charges properly preferred resulting in disciplinary action against one licensed to practice before it under the authority of its rules, the courts are without jurisdiction to proceed against the defendants for the unlawful practice of law even though they are admittedly not lawyers and are, in fact, actively representing claimants before the Commission, until all so-called administrative remedies have been exhausted. It is our conclusion that by reason of the cause of action stated in the committee's petition and the admissions of the answer of the appellants as to their acts in presenting claims of workmen for compensation under the Compensation Act, this contention cannot be supported. The Industrial Commission cannot authorize (by rule) the doing of an act which is contrary to law. It cannot permit or authorize by license a layman, not admitted to the bar, to practice law. The right to discipline lawyers and those unlawfully attempting to practice law is a natural right of the courts and such right cannot be invaded by a non judicial agency or by one which is permitted to exercise limited or quasi-judicial power in a limited or restricted field. This claim of error is, therefore, overruled.

Before taking up the question presented by appellants' claim of error No. 2, claims Nos. 3 and 4 will be considered. During the trial, the appellants were called and, over their specific objection, compelled to testify as upon cross-examination concerning their activities as lay representatives of workmen seeking compensation for injuries before the agencies of the Industrial Commission. There can be no doubt but that the statutes prohibiting unlicensed persons from practicing law include within their provisions sanctions or penalties that may be imposed, in a proper proceeding, for violation of the provisions of such sections. It would be a violation of the constitutional rights of persons charged with the unlawful practice of the law for the court to overrule their objections to being compelled to testify as to their alleged unlawful conduct. Such error is not mitigated by the fact that the objecting appellants were thereafter called and testified voluntarily in support of their defense. However, since there is virtually no dispute about the essential facts of the case, and the real issue here presented deals with the legal rights of the parties upon the facts as thus presented, such error could in no way prejudice the appellants. We also find that the parties were afforded a fair trial. The fact that one who was a party and whose rights had been determined by a default judgment prior to the commencement of this trial was excluded from the courtroom, if he was to be called as a witness, could in no way prejudice the rights of the other defendants. The right to be in the courtroom when the trial is in progress is personal to each party and not to the parties collectively. This claim of error is overruled.

The power to manage and disburse the funds held by the Industrial Commission for the benefit of injured workmen is one created by law. The distribution is to be made when a lawful right thereto is established. There are, of course, many cases where the conclusion that a claimant is entitled to compensation cannot be disputed and payment is made without the necessity of a trial of disputed issues of fact. The act of payment of benefits in such case is clearly an administrative act. But when, after the administrator allows or denies a claim and a reconsideration is demanded by either the employer or em-

ployee under the law, an adversary proceeding is commenced and the legal rights of the parties must be judicially determined. There is a clear distinction between the performance of a ministerial act by an administrative officer and the determination of legal rights of contending parties in a judicial proceeding.

The determination of the question of whether or not the conduct of the appellants, in servicing claims of workmen or their dependents seeking compensation for physical injuries sustained while acting in the course and scope of their employment under the provisions of the Workmen's Compensation Act, constitutes the practice of law is a matter within the exclusive jurisdiction of the judicial branch of the government. *Judd* v. *The City Trust and Savings Bank,* 133 Ohio St., 81, 12 N. E. (2d), 288. The practice of law can be defined as acting in a representative capacity in protecting, enforcing, or defending another person in the exercise of his legal rights and duties and in counseling, advising and assisting him in relation thereto. While the practice of law, as thus defined, is difficult of application in some fields, certainly when prosecuting or defending a person or his claims in a judicial proceeding, there can be no doubt that such conduct constitutes the practice of law.

We find no ground to support the inference of the appellants that the purpose of providing industrial compensation under the jurisdiction of the Industrial Commission was to simplify the process of dealing with claims for injuries sustained by workmen and that such simplification envisioned the elimination of the services of lawyers in the processing of such claims. The purpose of the act was to change the legal basis upon which compensation was to be made to injured workmen and the forum before which the right to compensation should be determined in the first instance. There is no justification for the claim that engaging the services of lawyers to protect the rights of a claimant or employer in disputed claims would in any way nullify the purposes to be accomplished by the Workmen's Compensation Act.

The appellants rely heavily on the case of *Goodman* v. *Beall,* 130 Ohio St., 427, 200 N. E., 470, in which the Supreme Court held in the syllabus:

"One appearing or practicing before the Industrial Commission of Ohio in a representative capacity subsequent to the time a claimant first receives notice of the disallowance of his claim under Section 1465-90, General Code, is engaged in the practice of law, and prohibition will lie against such commission to prevent the appearance or practice before it on rehearing proceedings of any person other than an attorney at law, duly admitted to practice."

At the time of this decision (1936), Section 1465-90, General Code, in part, provided:

"* * * In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the commission thereon shall be vacated and the commission shall fix a date for rehearing of such claim and give the claimant and his employer at least one week's prior notice thereof; at said hearing, if the claimant is asking for compensation from the state fund, the attorney general, or any one or more of his assistants or special counsel who have been designated by him to act as attorney to the commission, may represent the state fund, and in the absence of the attorney general or his designated assistants or special counsel, the commission shall select one or more of the attorneys in the employ of the department of industrial relations to represent the state fund. Such hearing shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions. The commission shall pass upon the admissibility of evidence, but either party may at the time make objection and take exception to the ruling of the commission thereon, and if the commission refuses to admit any evidence, the party offering the same shall state the nature of such evidence and the matter which such party proposes to prove thereby, and such statement shall be made a part of the record of

such rehearing. Such rehearing may be continued from time to time. * * *"

It is clear that the holding of the Supreme Court in the *Goodman case, supra*, was that after the application of the claimant was "first" refused, one representing such claimant in all subsequent procedure seeking the right to participate in the fund administered by the Commission was acting in the practice of law. The case does not hold, as is contended for by the appellants, that only the rehearing to produce a record of the evidence necessary to be presented on appeal to the Court of Common Pleas constituted the practice of law. While the court stresses this point in the opinon, the syllabus states the law of the case. The statute, which provides for legal representation of the State (Industrial Commission) by the Attorney General, upon an application for rehearing, after notice of the first refusal of the right to compensation to a claimant indicates that an adversary proceeding was then intended. This was the holding in the *Goodman case*.

In the case of *People* v. *Goodman*, 366 Ill., 346, 8 N. E. (2d), 941, the Supreme Court of Illinois had before it an almost identical case as that of *Goodman* v. *Beall, supra*. The Ohio case was there cited and considered. The Supreme Court of Illinois, on page 944 of the Northeastern Report, said:

"* * * The procuring of an agreement enabling an unlicensed person to control the negotiations and the litigation that might follow on the failure of the negotiations, and the hiring of licensed attorneys to conduct litigation for others, for the financial profit of the hirer, has been defined as the practice of law. * * *"

And on page 946, it is stated:

"Under the issues made, the respondent, in the business carried on by him, on occasion must decide whether the facts present a given cause of action within the Workmen's Compensation Law. * * * To make such decision is often a difficult task and competent lawyers may differ as to the forum in which the redress may properly be sought. Profound lawyers are not to be criticized because they are sometimes puzzled in determining what constitutes interstate transportation as distinguished from intrastate. * * *"

The facts in the case at bar show clearly that the appellants not only advised "clients" of their rights under the Workmen's Compensation Act and conducted trials before the administrator and regional boards of review, but also hired and paid fees directly to licensed lawyers to appear in the interest of their clients in the trial of appeals in the Court of Common Pleas. It must also be noted that in at least five instances in each of the last ten volumes of the Ohio Supreme Court, questions involving the basic legal rights of claimants were considered and decided involving questions of law that needed to be determined in the first instance before an appeal to the Court of Common Pleas was taken. In these cases, the advising on a course of conduct based on the legal rights of the parties concerned, surely constitutes the practice of law. The appellants admit engaging in such activities.

One other factor needs consideration with regard to the weight to be given to the case of *Goodman* v. *Beall, supra*. The procedural sections of the Workmen's Compensation Act have been completely revised since this case was decided. Under the amendments and the enactment of additional sections to the provisions of Chapters 4121 and 4123, Revised Code, by the One Hundred and First General Assembly of Ohio (1955) a Bureau of Workmen's Compensation (Section 4121.12, Revised Code), was created to be administered by an administrator. Section 4121.121, Revised Code, defines the duties of the administrator which include those imposed upon him in Chapter 4123, Revised Code. Applications for claims are, in the first instance, to be filed with the Bureau of Workmen's Compensation, which bureau is under the supervision of the administrator. If the administrator determines upon investigation that a claimant is entitled to an award, notice of such fact must be given the employer and if the employer consents thereto or does not object within ten days after notice, payment of the award will be made. When the employer objects "the claim shall be forthwith set for hearing as provided by Section 4123.515, Revised Code." (Sections 4123.513 and 4123.514, Revised Code.) Under the provisions of Section 4123.515, Revised Code, before compensation in a disputed claim can be awarded or denied, a hearing must be afforded the claimant and the employer. The

administrator shall state concisely his decision and give notice to the claimant and the employer. A reconsideration of the decision is provided for which the administrator may grant or refuse. If granted, the parties (employer and employee) are entitled to another hearing at which they may produce evidence. The claimant or employer may appeal the original decision of the administrator or such appeal may be taken as to the original order upon the refusal to grant reconsideration or from the order made upon reconsideration to the regional board of review upon proper notice of the final decision and order of the administrator. The parties to such an appeal are the administrator, the claimant and the employer, the administrator being represented by the Attorney General or one of his assistants or one of the attorneys of the department (Section 4123.518, Revised Code). Under these new and amended provisions, there can be no question but that after the administrator has entered his decision on the claimant's application in the first instance, all procedure thereafter, beginning with the application for a rehearing before the administrator and each successive step, as just outlined, to and including the appeal to the court from the final order of the regional board of review or the commission is adversary in character and one who takes part therein as a representative or agent of a contending party is engaging in the practice of law.

The change of the procedural sections resolved all doubts as to whether one acting in a representative capacity before the agencies of the Industrial Commission for a claimant was, by doing so, engaging in the practice of law. Such conduct embraces in every way the practice of law and therefore, upon the admitted facts in this case, the trial court was vested with jurisdiction to enjoin those not admitted to the practice of law from appearing in adversary proceedings as a representative of a claimant before the several agencies of the Industrial Commission when it is exercising quasi judicial powers.

The foundation of government by law had its beginning as a result of the devotion of the great legal scholars and philosophers of days gone by, seeking through the study of law and social relations the key to social progress. Progress in the administration of justice was made by reason of the fact that

as a natural result of the work of the legal philosophers, there came into being not only basic rules to guide fundamental legal rights, but also there was developed a "professional class" devoted to maintaining law and order through the judicial process. It cannot be that justice is done in a particular case upon rules conceived of without reference to the law, by a magistrate. A judicial inquiry must be guided by rules of law established through human experience upon which rules, all will be judged alike.

No legal system has ever been long sustained as such without the support of a professional class. Knowledge of the law is a basic need for those participating in a judicial proceeding. The trial of a case or the composition of disputed rights through representatives learned in the law is the process by which the common law was declared and continues to develop. To permit lay representation in a judicial controversy is to set aside what has been gained under government by law and not of men. Human rights cannot be administered by a commercial organization.

In the case of *West Virginia State Bar* v. *Earley*, 109 S. E. (2d), 420, in considering this question, it is stated:

"A layman who appears in behalf of claimants for compensation at hearings before the State Compensation Commissioner, an administrative agency or tribunal, and his duly appointed trial examiners, and prepares notices of appeal from the rulings of the commissioner to the Workmen's Compensation Appeal Board, is engaged in the practice of law and such conduct constitutes the unauthorized practice of law which may be prevented by injunction.

"The Character of the act, and not the place where it is performed, is the decisive factor in determining whether the act constitutes the practice of law.

"The justification for excluding from the practice of law persons who are not admitted to the bar and for limiting and restricting such practice to licensed members of the legal profession is not the protection of the members of the bar from competition or the creation of a monopoly for the members of the legal profession, but is instead the protection of the public from being advised and represented in legal matters by un-

506

qualified and undisciplined persons over whom the judicial department of the government could exercise slight or no control.

"The judicial department of the government has the inherent power, independent of any statute, to inquire into the conduct of a natural person, a lay agency, or a corporation to determine whether he or it is usurping the function of an officer of a court and illegally engaging in the practice of law and to put an end to such unauthorized practice wherever it is found to exist."

The judgment and decree of the trial court is affirmed.

KOVACHY, P. J., HURD, J., concur.