Taft, C. J.
Respondents contend that the courts of this state have no jurisdiction over the subject matter of this case. In doing so, they rely upon Section 35, Article II, Ohio Constitution, which provides in part:
“For the purpose of providing compensation to workmen and their dependents for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. * * * Laws may be passed establishing a board which may be empowered * * * to collect, administer and distribute such fund, and to determine all rights of claimants thereto. * * *”
*151 It is argued that the Industrial Commission, having been created by the General Assembly pursuant to this constitutional authority, has exclusive power under existing statutes to determine by rule the qualifications of those who may practice before it and before the Bureau of Workmen’s Compensation. However, under Section 1, Article IY, Ohio Constitution, the judicial power of the state is vested in the courts; and this court has indicated that it has inherent power to regulate, control and define the practice of law. Judd v. City Trust & Savings Bank (1937), 133 Ohio St., 81, 12 N. E. (2d), 288; Land Title Abstract & Trust Co., v. Dworken (1934), 129 Ohio St., 23, 193 N. E., 650. See State, ex rel. Green, v. Brown, Secy, of State (1962), 173 Ohio St., 114, 180 N. E. (2d), 157.
Therefore we conclude that Section 35, Article II of the Ohio Constitution, does not confer upon the Industrial Commission the authority to determine the qualifications of persons engaged in the practice of law before the Industrial Commission.
No person may practice law in this state who has not been admitted to the bar by order of the Supreme Court of Ohio in accordance with its rules and who is not in good standing at the bar.
The question remains whether the activities of Brown, Weiss and Wohl constituted the practice of law.
Admittedly, no one, other than an attorney, may appear in court as a representative of another, whether or not such representative is to receive a fee for his services. Also, in Goodman v. Beall et al., Industrial Commission (1936), 130 Ohio St., 427, 200 N. E., 470, this court held that only an attorney could appear in the former rehearing proceedings before the Industrial Commission, because those proceedings then involved preparation of the record for all subsequent court proceedings with respect to the claim involved. (The court record is not now prepared in any comparable proceedings before the Industrial Commission.) Furthermore, this court has held that the practice of law is not limited to the conduct of cases in court and has indicated that advice to clients and action taken for them in matters connected with the law may constitute the practice of law ivhere a. fee is paid for such advice and action. Land Title Abstract & Trust Co. v. Dworken, supra (129 Ohio St., 23).
*152 However, where an appearance in court or the preparation of papers to be filed in court or the preparation of a court record is not involved, there are relatively few precedents which can serve as a guide in determining what conduct amounts to the practice of law. There is, therefore, a substantial danger that reasons given by this court for its decision in this case may be interpreted as prejudging controversies which may later arise in determining whether other kinds of conduct not in or related to court cases amount to the practice of law. Thus, the briefs filed in this case on behalf of amici curiae emphasize how important it is that this court should avoid broad generalizations in giving its reasons for holding that what the respondents did in the instant case amounted to the practice of law.
The findings of the trial court and the record fully sustain the conclusions that each respondent in the instant case held himself out as being qualified to render advice to those who might have claims for compensation arising under the Workmen’s Compensation Laws of Ohio and as being able to render services in the preparation and presentation of such claims, that each respondent did render such advice and such services, and that a fee was to be directly received from or charged against one having such a claim for workmen’s compensation for such advice or services with respect to his claim. In our opinion, this conduct would clearly constitute the practice of law even if it only involved advice or services prior to the original decision of the Administrator of the Bureau of Workmen’s Compensation. See Dayton Bar Association v. Herzog (1962), 173 Ohio St., 313, 181 N. E. (2d), 880; Cleveland Bar Association v. Fleck (1961), 172 Ohio St., 467, 178 N. E. (2d), 782. Protecting members of the public from being induced to pay for such advice and services of nonlawyers is just as important as protecting the public from being induced to pay for advice and services of those nonlawyers at later stages in the administrative processing of claims for workmen’s compensation.
The findings of fact of the trial court state that respondents ‘ ‘ would do all these acts not as a voluntary service but charged a stipulated fee based upon the percentage of compensation awarded, which the claimant received as a result of their efforts,” However, the judgment of the trial court enjoins re *153 spondents from doing those acts instead of, as it probably should have, merely enjoining them from doing them for a fee. Of. Goodman v. Beall, supra (130 Ohio St., 427). To this extent, that judgment should probably be modified. Also, to the extent that the injunction is against advice and activities, other than advice to and activities for claimants for workmen’s compensation, it is probably not supported by the findings and the record, and it should probably be modified accordingly.
Respondents contend also that they were deprived of legal rights when they were required to take the stand and testify as under cross-examination about matters which could incriminate them.
There is no indication in the record that any of the individual respondents claimed a privilege against self-incrimination when called to testify as a witness. Objection was made to being called as for cross-examination and, in support of that objection, it was stated that there was no right of the committee to call a respondent to the stand as a witness unless such respondent was called as the committee’s own witness.
A party who does not claim his constitutional privilege against self-incrimination when called as upon cross-examination pursuant to law but voluntarily testifies, although objecting on other grounds, waives his privilege. See Burke v. State (1922), 104 Ohio St., 220, 135 N. E., 644.
Respondents contend also that they were deprived of a fair hearing by reason of the exclusion from the courtroom of Ostrovsky, their agent and a party in the same case. At the time when this occurred, no order had been entered on the journal of the trial court as to Ostrovsky although apparently the court had made a docket entry against Ostrovsky at that time. Ostrovsky was then in default of pleading, and a default judgment was subsequently rendered against him.
Even if Ostrovsky had a right to be present in the courtroom throughout the trial because he was still technically a party, that right was his and not the right of the respondents. When Ostrovsky was excluded, on request of the committee for a separation of witnesses, respondents would not or could not exclude the possibility of calling Ostrovsky as a witness for them.
*154 In onr opinion, a trial court does not abuse its discretion with respect to the separation of witnesses, where it excludes a person who is only technically a party because a docket entry adverse to such party has not been journalized and where there is no assurance that such person will not be called as a witness in the proceeding.
The judgment is therefore affirmed and the cause is remanded to the Common Pleas Court with instructions to consider any timely application by the respondents that the judgment be modified as hereinbefore suggested.

Judgment affirmed.

Matthias, O’Neill, Griffith and Herbert, JJ., concur.
Zimmerman, J., concurs in paragraphs one, two, four and five of the syllabus and in the judgment.