OFFICE OF DISCIPLINARY COUNSEL *v.*
MOLNAR.

(No. UPL-90-3—Decided
August 9, 1990.)

Board of Commissioners on the
Unauthorized Practice of Law.

*J. Warren Bettis,* disciplinary
counsel, and *Karen B. Hull,* for
relator.
*Carl A. Kramer,* for respondent.

*Opinion and Order.* This matter
came on for formal hearing before the
Board of Commissioners on the
Unauthorized Practice of Law on June
29, 1990. Members of the board present and participating in this decision
were Kenneth F. Seibel, Chairman,
Santiago Feliciano, Jr., Jeffrey L.
Maloon, D. John Travis, and John W.
Waddy, Jr.

Relator's amended complaint filed
March 7, 1990 alleged that respondent,
Jonathan E. Molnar, is not an attorney
at law, that he engaged in the unauthorized practice of law by representing liquor permit holders before
the Liquor Control Commission, and
that he received a fee for that representation.

In his answer, respondent admitted that he is not an attorney at
law, denied having engaged in the unauthorized practice of law, denied
rendering legal services by representing permit holders before the Liquor
Control Commission, and admitted
rendering services other than legal services for permit holders before the
commission.

At the hearing, the board heard
the testimony of respondent Molnar,
the bailiff of the Liquor Control Commission, two assistant attorneys
general who represent the Department
of Liquor Control, and a former
member of the Liquor Control Commission. At respondent's request, he
filed a post-hearing brief and closing
argument, and relator filed a memorandum in opposition to respondent's
brief.

Section 2(A) of Gov. Bar R. VII
states: "The unauthorized practice of
law is the rendering of legal services
for others by anyone not registered
under Rule VI or Rule XI of the Rules
for the Government of the Bar of
Ohio." Since it is undisputed that
respondent is not an attorney and
therefore is not registered to practice
law in Ohio, the issue before this board
is whether respondent's activities constitute "the rendering of legal services" and are, therefore, the unauthorized practice of law.

R.C. Chapter 119 governs certain
administrative procedures of state
agencies, including the Liquor Control
Commission. R.C. 119.13 provides in
pertinent part that "only an attorney
at law may represent a party or an affected person at a hearing at which a
record is taken which may be the basis
of an appeal to court." Further, Ohio
Adm. Code 4301:1-1-65(J), procedure
for hearings before the Liquor Control
Commission, states: "At all hearings
before the commission, a record of the
testimony shall be taken." And, pur-

suant to R.C. 119.12, any party who is adversely affected by a decision of the Liquor Control Commission may appeal to the Court of Common Pleas of Franklin County. Thus, two of the factors embodied in R.C. 119.13 are met: (1) a record is taken of hearings before the commission, and (2) an appeal can be taken from a decision of the commission to court. The only remaining factor is whether respondent's activities constitute the "representation" of others before the commission.

Respondent argues that he acts as a "spokesperson" for permit holders and not as their representative. Whether respondent acted as a spokesperson or a representative may be a distinction without a difference. Irrespective of the label applied, at least in the matter before this board, respondent engaged in activity that, as relator argues, is generally considered the practice of law.

Further, respondent has held himself out, and advertised his services, as a representative of permit holders. Respondent's letterhead states that one of the services provided is "permit hearing representation," and respondent himself is identified as the person who provides "representation." Further, evidence before the board indicates that respondent stated in writing to a prospective client that "I [Molnar] *personally* represent our clients at The Commission Hearings." (Emphasis *sic.*) In light of respondent's own description of himself and his activities, it is difficult to accept respondent's argument that he does not "represent" others, despite his assertions to that effect after the initiation of these proceedings.

After careful consideration of all of the pleadings, evidence, and arguments of counsel, it is the conclusion of this board that respondent has engaged in the representation of others in contested hearings before the Liquor Control Commission, that this representation by Molnar, who is not an attorney, constitutes the unauthorized practice of law, and that a permanent order against such practice is warranted.

The board hereby authorizes relator to commence an action for the purpose of obtaining a judicial determination whether respondent has engaged in the unauthorized practice of law. Such action brought pursuant to Gov. R. VII, Section 8, "shall be commenced in a court having jurisdiction as in any other action and judgments arising therefrom may be appealed by the parties as in any civil action."

Notice of this authorization shall be served upon relator, respondent, all counsel of record, and the Greene County Bar Association.