**CLEVELAND BAR ASSOCIATION**

v.

**MIDDLETON et al.**

Board of Commissioners on the Unauthorized Practice of Law.

No. UPL–93–5.

Decided July 11, 1994.

*Robert T. Fay, John A. Hallbauer & Harold H. Reader,* for relator Cleveland Bar Association.

JOHN W. WADDY, JR., Chairman.

The relator, the Cleveland Bar Association, pursuant to Gov. Bar R. VII(5), filed a complaint against the respondents, David J. Middleton, June Middleton, and Middleton & Associates, a.k.a. Middleton Associates. The complaint alleges that the respondents, who are not attorneys, search public real estate tax records in Cuyahoga County for the purpose of identifying commercial properties that might be overvalued by the county auditor. The respondents file assessment complaints in their own name with the Board of Tax Appeals ("BTA") and thereafter solicit the fee titleholder to enter into an agreement with Middleton & Associates ("Middleton"). Among other things, Middleton offers to assist the titleholder in the preparation, presentation, and/or negotiation of claims before the board of revision pursuant to a contingent fee agreement. If the fee titleholder enters into the contingent fee agreement, Middleton induces the titleholder to file an additional complaint in the taxpayer's name with the board of revision. Thereafter, respondents appear before the board of revision at a hearing to determine the fair market value of the property. Based on the

foregoing, the relator seeks a determination, pursuant to Gov. Bar R. VII(8), that respondents have engaged in the unauthorized practice of law.

In their answer, the respondents acknowledge that they are not attorneys; admit searching public records in Cuyahoga County for the purpose of identifying properties that might be overvalued; admit that they use an agreement which provides for representation before the board of revision, but calls for them to engage an attorney on behalf of the titleholder for any appeals beyond the county board of revision; and deny that they have engaged in the unauthorized practice of law.

Pursuant to Gov. Bar R. VII(7)(A), a formal hearing was held on March 23, 1994. Present and participating in the hearing were John W. Waddy, Jr., Chairman, Jack R. Baker, Craig D. Barclay, Paul D. Frankel, Clark B. Weaver, and D. John Travis.

At issue in this case is the propriety of respondents' activities in connection with challenges to the valuation of real property. Challenges regarding the valuation of realty are authorized by R.C. 5715.19 and may be initiated by filling out a simple form. In that form, the complaining party notes the permanent parcel number of the subject property, what the claimed value should be, and the reason for the difference between the claimed value and the appraised value. Thereafter, a hearing is held in every case before the appropriate county board of revision. At the hearings, titleholders may be represented by attorneys. It also has been the practice in this state to have non-attorneys appear on behalf of the fee holders before boards of review. A record is made of the testimony and evidence adduced, in some counties with a court reporter, and in others in a less formal fashion, such as tape recording. The complaint is considered by the three-member board, which is composed of the county auditor, the president of the board of county commissioners, and the county treasurer. Although the board members may be lawyers, typically they are not. The sole issue to be decided by the board is the fair market value of the property. An appeal from a decision of the board of revision may be made either to the BTA pursuant to R.C. 5717.01 or to the court of common pleas pursuant to R.C. 5717.05.

In urging that the conduct of the respondents constitutes the unauthorized practice of law, the relator places principal reliance on *Goodman v. Beall* (1936), 130 Ohio St. 427, 5 O.O. 52, 200 N.E. 470, which involved claims processed under the Workers' Compensation Act then in effect. Relator asserts that the practice of law is involved because a record is made of the hearing before the board of revision. Relator also asserts that the practice of law is involved because constitutional challenges must be raised at the board of revision level. Therefore, argues relator, an attorney should be entrusted with the representation of taxpayers in such a hearing.

**12**

Respondents acknowledge that any representation beyond the board of revision, *i.e.,* before the BTA or the court of common pleas, does involve the practice of law and must be done by an attorney. Respondents assert, however, that there are literally hundreds of non-attorneys appearing before boards of revision throughout the eighty-eight counties in the state of Ohio. Respondents also point out that the members of the board are not themselves attorneys, that the sole issue to be decided is a factual one, *i.e.,* the fair market value of the property, and that requiring attorneys in all cases would transform the process into "strictly a lawyer's club." Respondents also contend that there has not been a problem with lay representation, and that if both an attorney and an appraiser were required, some taxpayers will not be able to afford to pursue certain complaints.

■ There is no question that the authority to govern the practice of law is reposed exclusively in the Supreme Court of Ohio. Section 2(B)(1)(g), Article IV, Ohio Constitution; *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617; *State ex rel. Green v. Brown* (1962), 173 Ohio St. 114, 18 O.O.2d 361, 180 N.E.2d 157. Nonetheless, the Supreme Court has stated that the court should not exercise its authority too rigidly that the public good suffers. *Henize v. Giles* (1986), 22 Ohio St.3d 213, 22 OBR 364, 490 N.E.2d 585. In keeping with this proposition, the Supreme Court has recognized that certain activities do not constitute the practice of law.

■ A real estate broker, for example, is not involved in the practice of law by merely filling pre-printed blank forms for the purchase of real estate. Supplying simple factual material such as the date, the price, the name of the purchaser, the location of the property, the date of giving possession, and the duration of the offer, does not require skill peculiar to one trained and experienced in the law and thus does not involve the practice of law. *Gustafson v. V.C. Taylor & Sons, Inc.* (1941), 138 Ohio St. 392, 20 O.O. 484, 35 N.E.2d 435. Similarly, furnishing a certification or memorandum containing a statement of the substance of documents or facts appearing on public records which affect the title to real estate, without expressing any opinion as to the legal significance of what is found or as to the validity of the title, is not the practice of law. *State ex rel. Doria v. Ferguson* (1945), 145 Ohio St. 12, 30 O.O. 241, 60 N.E.2d 476. Likewise, providing real property appraisals and property reports, even if legal terms of art are used, does not constitute the practice of law. *Dayton Bar Assn. v. Lender's Serv., Inc.* (1988), 40 Ohio St.3d 96, 532 N.E.2d 120.

■ The foregoing cases establish that whether a skill peculiar to one trained and experienced in the law is involved is probative of whether the practice of law is present. In assessing whether an activity requires training and experience in

the law, the character of the activity must be examined. *McMillen v. McCahan* (C.P.1960), 83 Ohio Law Abs. 1, 11, 14 O.O.2d 221, 229, 167 N.E.2d 541, 550.

■ The Supreme Court has recognized that the nature of the proceedings as well as the public good may compel the conclusion that certain activities do not constitute the practice of law. In *Henize v. Giles, supra*, the court determined that a non-attorney from an actuarial firm may represent an employer at a benefits hearing before a referee of the Unemployment Compensation Board of Review. The court noted that the board is not bound by evidentiary rules or procedures, that the board referees are not required to be attorneys, and that traditionally non-attorneys have assisted employers and employees. The *Henize* court acknowledged prior authority, including *Goodman*, but did not find its past holdings at odds with the conclusion in *Henize*.

In *Goodman*, the court considered the propriety of non-attorneys' appearing at workers' compensation hearings. The court, recognizing that the initial hearings were informal and that it was common practice for layman to assist claimants in the submission of claims, found that the initial presentation of a claim did not involve the unauthorized practice of law. As to rehearings, the court in its syllabus held:

"One appearing or practicing before the Industrial Commission of Ohio in a representative capacity subsequent to the time a claimant first receives notice of the disallowance of his claim under Section 1465–90, General Code, is engaged in the practice of law, and prohibition will lie against such commission to prevent the appearance or practice before it on rehearing proceedings of any person other than an attorney at law, duly admitted to practice."

The *Goodman* court discussed the preparation of a rehearing record, which constituted the *entire evidence* upon which the merits or demerits of a claim could be determined by a court and jury. The significance of the record in part caused the *Goodman* court to conclude that the rehearing proceedings involved the practice of law.

■ Cases decided by the Supreme Court since *Goodman*, however, have placed little or no emphasis on the making of a record. See *In re Unauthorized Practice of Law* (1963), 175 Ohio St. 149, 23 O.O.2d 445, 192 N.E.2d 54; *Jemo Assoc., Inc. v. Lindley* (1980), 64 Ohio St.2d 365, 18 O.O.3d 518, 415 N.E.2d 292; and *Nicodemus v. Indus. Comm.* (1983), 5 Ohio St.3d 58, 5 OBR 115, 448 N.E.2d 1360. Moreover, the court in *Henize v. Giles, supra*, concluded that appearances before the Unemployment Compensation Board of Review do not involve the unauthorized practice of law despite the creation of a record for appeal. *Id.*, 22 Ohio St.3d at 220, 22 OBR at 368, 490 N.E.2d at 590. Accordingly, whether a

record is made at a proceeding is not dispositive of whether the practice of law is involved.

We also deem it significant that the record created at a board of revision hearing may be supplemented. R.C. 5717.01, which speaks to appeals to the BTA, states that the BTA may order the appeal to be heard on the record and the evidence certified to it by the county board of revision, or it may order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper. Similarly, R.C. 5717.05, governing appeals to the court of common pleas, states that the court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. Thus, the situation which confronted the *Goodman* court—having the record serving as the entirety of the evidence on appeal—does not apply to the matters before boards of revision.

Relator also argues that constitutional issues must be raised before the board of revision, even though relator acknowledges that the board of revision has no jurisdiction to determine any constitutional issue. The Supreme Court, however, in *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, held that a party challenging the constitutionality of a tax statute must raise that issue in the *notice of appeal* to the BTA. Accord *Lyons v. Limbach* (1988), 40 Ohio St.3d 92, 532 N.E.2d 106. Therefore, there is no necessity to raise or argue constitutional issues at a board of revision hearing.

It is noteworthy that it is the practice in this state to allow non-attorneys to represent fee holders before boards of revision. This practice is sensible. The issue before the boards of revision—the fair market value of real estate—is not one which requires legal skill to resolve. In fact, that issue is often the subject of expert testimony by law appraisers. Moreover, board of revision proceedings are not governed by the Rules of Evidence and typically the board members are not attorneys. Further, the relator has not alleged or offered any evidence that there is harm to the public by allowing non-attorneys to represent fee holders before boards of revision. For these reasons, and in conformity with *Henize v. Giles* and other Supreme Court authority, we conclude that the activities of the respondents before boards of revision do not constitute the unauthorized practice of law.

Our conclusion is consonant with the recent decision of the Board of Tax Appeals in *Mussig v. Lake Cty. Bd. of Revision* (Oct. 29, 1993), BTA No. 92–R–895, unreported, 1993 WL 453371. In that case, it was alleged that a non-attorney, Mr. Somich, was acting as the agent of the taxpayer. The BTA found that he not only had the ability to represent the appellant before the board of revision, but also that his representation did not constitute the unauthorized practice of law.

Our decision should not be interpreted as granting broad brush authority to non-attorneys to engage in the practice of law. Rather, we are merely affirming what is already the practice in this state: the representation of titleholders by non-attorneys before boards of revision. We also stress that the issue considered by those boards is not a legal one, but a factual one: the fair market value of the real property under consideration. We confine our decision to representation before boards of revision and reiterate that this matter does not involve appeals to or activities before the BTA or the court of common pleas, which both relator and respondents agree involve the practice of law. Finally, we express no opinion regarding the Middleton fee agreement insofar as it relates to securing the services of an attorney for appeals, but note that *Columbus Bar Assn. v. Agee* (1964), 175 Ohio St. 443, 26 O.O.2d 1, 196 N.E.2d 98, holds that an attorney splitting a fee with a non-attorney is unethical.

Accordingly, the board determines that the activities of the respondents before boards of revisions do not constitute the unauthorized practice of law. Pursuant to Gov. Bar R. VII(8)(A), the board finds that the gravamen of the complaint and the evidence are insufficient and dismisses the complaint.

*So ordered.* ·