[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 156.]

BOARD OF EDUCATION OF WORTHINGTON CITY SCHOOL DISTRICT, APPELLEE,
*v.* BOARD OF REVISION OF FRANKLIN COUNTY ET AL.; AMERITECH
CORPORATION, APPELLANT.

MIRGE CORPORATION, D.B.A. ELECTRICAL MECHANICS, APPELLANT, *v.*
HAMILTON COUNTY BOARD OF REVISION ET AL., APPELLEES.

BISSETT STEEL COMPANY, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF
REVISION ET AL., APPELLEES.

CLEVELAND HEIGHTS/UNIVERSITY HEIGHTS BOARD OF EDUCATION,
APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

(TWO APPEALS.)

[Cite as *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of
Revision*, 1999-Ohio-449.]

*Taxation—Real property valuation—Complaint seeking decrease in valuation—
Jurisdiction of board of revision to consider complaint.*

(Nos. 97-1880, 97-2423, 98-704, 98-758 and 98-984—Submitted January 13,
1999—Decided March 31, 1999.)

APPEALS from the Board of Tax Appeals, Nos. 96-D-1218, 97-P-1026, 96-P-959,
and 95-D-1124 through 95-D-1130.

Case No. 97-1880

————————————

{¶ 1} Ameritech Corporation, appellant, is the owner of the sole share of stock issued by the Ohio Bell Telephone Company. Under the terms of a "Close Corporation Agreement" between Ameritech Corporation and Ohio Bell, Ameritech Corporation is to manage the business and affairs of Ohio Bell and "may exercise all such powers of [Ohio Bell] and do all such lawful acts and things as [Ohio Bell] might do."

{¶ 2} In March 1995, Craig P. Treneff, an attorney, prepared and filed with the Franklin County Board of Revision a complaint on the assessment of real property owned by Ohio Bell. The complaint identified "Ameritech" as the owner of the property. "Ameritech" is a registered trade name of Ameritech Corporation and Ohio Bell. Additionally, the complaint identified Treneff as the complainant's attorney. Treneff, however, did not sign the complaint. Rather, Ameritech Corporation's property tax manager, Gregory A. Stein, reviewed and signed the complaint to verify the accuracy of the information contained therein. Stein is not a lawyer, but he reviewed and signed the complaint as directed by Treneff. The Franklin County Board of Revision, acting on the complaint, granted a valuation reduction for the subject property. However, on appeal, the Board of Tax Appeals ("BTA"), relying on *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, found that the board of revision lacked jurisdiction to hear the complaint. Specifically, the BTA found that Treneff, a lawyer, had prepared and filed the complaint, but that Stein had engaged in the unauthorized practice of law by reviewing the prepared complaint and by signing it. Accordingly, the BTA reversed the decision of the board of revision and remanded the matter to that board to dismiss Ameritech's complaint for lack of jurisdiction. The cause is now before this court upon an appeal as of right.

Case No. 97-2423

{¶ 3} Mirge Corporation, d.b.a. Electrical Mechanics, appellant, is an Ohio corporation. Mirge Corporation's vice president, Walter Higginbothan, prepared, signed, and filed with the Hamilton County Board of Revision a complaint on the assessment of real property owned by the corporation. Higginbothan is not a lawyer. The board of revision, relying on *Sharon Village*, 78 Ohio St.3d 479, 678 N.E.2d 932, concluded that Higginbothan had engaged in the unauthorized practice of law in having prepared, signed, and filed the complaint and, thus, dismissed the

complaint for lack of jurisdiction. On appeal, the BTA affirmed the decision of the board of revision. The cause is now before this court upon an appeal as of right.

Case No. 98-704

{¶ 4} The Bissett Steel Company, appellant, is an Ohio corporation that owns real property in Cuyahoga County. Barbara Bissett ("Bissett") is the president and chief executive officer of the corporation. Bissett owns seventy-six percent of the common shares and thirty-five percent of the preferred shares of the corporation. In 1995, Bissett prepared and filed with the Cuyahoga County Board of Revision a complaint on the assessment of real property owned by the corporation, seeking a reduction in the assessed valuation. The complaint bears Bissett's signature with her indicated "Title of Office" as "President" of the corporation. Bissett is not a lawyer. The board of revision, acting on the complaint, issued a decision not to change the assessed value of the property. On appeal, the BTA, relying on *Sharon Village*, 78 Ohio St.3d 479, 678 N.E.2d 932, found that Bissett had engaged in the unauthorized practice of law in having prepared, signed, and filed the complaint. Therefore, the BTA remanded the matter to the board of revision with instructions to dismiss that complaint. The cause is now before this court upon an appeal as of right.

Case Nos. 98-758 and 98-984

{¶ 5} In March 1995, Melvin S. Ross and Daryl B. Ross filed with the Cuyahoga County Board of Revision several complaints on the assessment of real property, seeking reductions in the taxable value of parcels owned by them. The Cleveland Heights/University Heights Board of Education, appellant, is a school board. The school board's treasurer, Robert Burmeister, prepared, signed, and filed with the board of revision several counter-complaints in response to the Rosses' original complaints. Each of the counter-complaints bore Burmeister's signature with his indicated "Title of Office" as "Treasurer." Burmeister is not a lawyer. The board of revision granted the Rosses' requests for reductions in the assessed values

of the subject properties. The school board appealed to the BTA. On appeal, the Rosses filed a motion requesting that the BTA remand the cause to the board of revision for dismissal of the counter-complaints. The BTA dismissed the school board's appeals for lack of jurisdiction, stating, in part:

"As a matter of law, Mr. Burmeister's preparation, signing and filing the counter-complaints on behalf of the [board of education amounted to the unauthorized practice of law]. It is established that the preparation and filing of a complaint pursuant to R.C. 5715.13 and 5715.19(A), or a counter-complaint pursuant to the authority provided by R.C. 5715.19(B), constitut[e] the practice of law. * * * [Citing, among other authorities, *Sharon Village*, 78 Ohio St.3d 479, 678 N.E.2d 932.]

"In the context of the present cases, the personal activities of Mr. Burmeiste[r] involved in the preparation, signing and filing of the counter-complaints on behalf of the Cleveland Heights/University Heights Board of Education, constituted the unauthorized practice of law by that person in his capacity as a corporate officer, not as an attorney at law. A corporate body cannot act through its corporate officers rather than through an attorney at law to maintain litigation on the corporation's behalf. *Union Savings Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60 [52 O.O.2d 329, 262 N.E.2d 558].

"The BOE's [board of education's] complaints were jurisdictionally defective. The BOE therefore never became a complainant before the BOR [board of revision]. Consequently, the BOR was never empowered to consider the merits of its counter-complaints. *Sharon Village*, *supra*.

" * * *

"The [BTA] finds and determines, upon the record and as a matter of law, that the BOE lacked a right of appeal to this Board from the decisions of the Cuyahoga County Board of Revision since it never became a party complainant in the proceedings before that Board."

4

{¶ 6} The school board appealed to this court from the decision of the BTA, and also appealed from the BTA's decision denying the school board's request for reconsideration. Those two appeals (case Nos. 98-758 and 98-984) have been consolidated for our review. The cause is now before us upon appeals as a matter of right.

———————————

*Bricker & Eckler, L.L.P.*, *Charles F. Glander*, *Jerry O. Allen*, *Mark A. Engel*, *Mary L. Robins* and *Mark A. Hamilton*, for appellee Board of Education of Worthington City School District in case No. 97-1880.

*Treneff & Williams* and *Craig P. Treneff*; *Nicola, Gudbranson & Cooper* and *Matthew T. Fitzsimmons*; *Dean H. Bilton* and *John M. Brannigan*, *pro hac vice*, for appellant Ameritech Corporation in case No. 97-1880.

*Klaine, Wiley, Hoffmann & Minutolo* and *Franklin A. Klaine, Jr.*, for appellant Mirge Corporation in case No. 97-2423.

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Thomas J. Scheve*, Assistant Prosecuting Attorney, for appellee Hamilton County Auditor in case No. 97-2423.

*Wood & Lamping, L.L.P.*, and *David C. DiMuzio*, for appellee Cincinnati School District Board of Education in case No. 97-2423.

*Arter & Hadden* and *Karen H. Bauernschmidt*, for appellant Bissett Steel Company in case No. 98-704.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Timothy J. Kollin*, Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor in case No. 98-704.

*Kolick & Kondzer*, *Daniel J. Kolick* and *John P. Desimone*, for appellant Cleveland Heights/University Heights Board of Education in case Nos. 98-758 and 98-984.

*Kelley, McCann & Livingstone, L.L.P*., *Fred J. Livingstone* and *Robert A. Brindza*, urging reversal for *amicus curiae* Mayfield City School District Board of Education in case Nos. 98-758 and 98-984.

————————————

**DOUGLAS, J.**

**{¶ 7}** In *Sharon Village*, 78 Ohio St.3d 479, 678 N.E.2d 932, syllabus, we held that "[t]he preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law." Thus, an attorney, or the owner of the property, must prepare and file the complaint. Additionally, in *Union Savings Assn.*, 23 Ohio St.2d 60, 62, 52 O.O.2d 329, 330, 262 N.E.2d 558, 559, this court observed that "[a] corporation is an artificial person, created by the General Assembly and deriving its power, authority and capacity from the statutes." We held that "[a] corporation cannot maintain litigation *in propria persona*, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law." *Id*. at syllabus.

I

**{¶ 8}** In case No. 97-1880, Treneff, an attorney, *prepared and filed* or caused to be filed the complaint at issue. This satisfies the requirements of *Sharon Village*. The fact that Ameritech Corporation's property tax manager, Gregory A. Stein, reviewed and signed the prepared complaint is not fatal. Stein simply reviewed the prepared complaint to verify the accuracy of the information contained therein, and he signed the complaint for that same purpose at the direction of Treneff. Stein did not engage in the practice of law. Accordingly, we find that the Franklin County Board of Revision had jurisdiction to consider the complaint by "Ameritech," a registered trade name under which Ohio Bell, the property owner, may "commence * * * an action," R.C. 1329.10(B), since the complaint was prepared and filed by an attorney on Ohio Bell's behalf. Therefore, the decision of the BTA in case No. 97-1880 is reversed.

II

**{¶ 9}** In case No. 97-2423, Mirge Corporation's vice president, Walter Higginbothan, prepared, signed, and filed the complaint on the assessment of the real property owned by the corporation. Higginbothan is not a lawyer and he therefore engaged in the unauthorized practice of law in having prepared and filed the complaint on behalf of the corporation. The fact that he was a corporate officer does not entitle him to engage in the unauthorized practice of law. Dismissal of the complaint was appropriate under this court's decision in *Sharon Village*. See, also, generally, *Union Savings Assn.* Accordingly, the decision of the BTA in case No. 97-2423 is affirmed.

III

**{¶ 10}** In case No. 98-704, the president of the Bissett Steel Company, Barbara Bissett, prepared and filed the complaint on the assessment of real property owned by the corporation. Bissett is not a lawyer and she is not the owner of the subject property. She engaged in the unauthorized practice of law in having prepared and filed the complaint at issue. *Sharon Village*. See, also, *Union Savings Assn.* The fact that she was a corporate officer does not entitle her to engage in the unauthorized practice of law. Accordingly, the BTA's decision in case No. 98-704 to remand the matter to the board of revision for dismissal of the complaint is affirmed.

IV

**{¶ 11}** The Cleveland Heights/University Heights Board of Education is a body "politic and corporate" and, as such, is "capable of suing and being sued." R.C. 3313.17. It is a quasi-corporation and is amenable to the rules governing litigants. In case Nos. 98-758 and 98-984, the school board's treasurer, Robert Burmeister, prepared, signed, and filed with the Cuyahoga County Board of Revision several counter-complaints on behalf of the school board. Burmeister is not a lawyer. Burmeister therefore engaged in the unauthorized practice of law in

having prepared and filed the complaints on behalf of the school board. The school board should have engaged an attorney for that purpose. See, generally, *Sharon Village* and *Union Savings Assn.* The school board's arguments to the contrary are not well taken. The decision of the BTA in case Nos. 98-758 and 98-984 is affirmed.

*Decision in case No. 97-1880 reversed*;

*Decision in case No. 97-2423 affirmed*;

*Decision in case No. 98-704 affirmed*;

*Decision in case Nos. 98-758 and 98-984 affirmed.*

MOYER, C.J., SHERCK and F.E. SWEENEY, JJ., concur.

PFIEFER, J., would reverse the decisions in 97-1880, 97-2423 and 98-704, and affirm the decision in 98-758 and 98-984.

COOK and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

JAMES R. SHERCK, J., of the Sixth Appellate District, sitting for RESNICK, J.

_____

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 12} This case presents this court with the challenge of striking a balance between the need to protect the public from inadequate representation and the public good that is harmed by unnecessary expansions on what constitutes the practice of law. Because I believe that the majority, in attempting to protect the public, misreads the plain language of our statutes, I respectfully dissent from the portion of the decision that affirms the BTA in case Nos. 97-2423, 98-704, 98-758, and 98-984.

{¶ 13} *Cleveland Bar Assn. v. Middleton* (Bd.Commrs.Unauth.Prac.1994), 66 Ohio Misc.2d 9, 642 N.E.2d 71, contains a description of the process of challenging a valuation: "Challenges regarding the valuation of realty are authorized by R.C. 5715.19 and may be initiated by filling out a simple form. In that form, the complaining party notes the permanent parcel number of the subject

property, what the claimed value should be, and the reason for the difference between the claimed value and the appraised value. Thereafter, a hearing is held in every case before the appropriate county board of revision. * * * A record is made of the testimony and evidence adduced, in some counties with a court reporter, and in others in a less formal fashion, such as tape recording. The complaint is considered by the three-member board, which is composed of the county auditor, the president of the board of county commissioners, and the county treasurer. Although the board members may be lawyers, typically they are not. The sole issue to be decided by the board is the fair market value of the property. An appeal from a decision of the board of revision may be made either to the BTA pursuant to R.C. 5717.01 or to the court of common pleas pursuant to R.C. 5717.05." *Id.* at 11, 642 N.E.2d at 72-73.

{¶ 14} The practice of law has generally been defined as encompassing three types of activities: "(1) legal advice and instructions to clients advising them of their rights and obligations; (2) preparation of documents for clients, which requires legal knowledge not possessed by an ordinary layman; and (3) appearing for clients in public tribunals and assisting in the interpretation and enforcement of law, where such tribunals have the power and authority to determine rights of life, liberty, and property according to law." *Mahoning Cty. Bar Assn. v. The Senior Serv. Group, Inc.* (Bd.Commrs.Unauth.Prac.1994), 66 Ohio Misc.2d 48, 52, 642 N.E.2d 102, 104.

{¶ 15} In *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, I concurred in the majority decision holding that the preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law. *Id.* at syllabus. In that case, the complaint was filed by a company whose business was making a profit filing valuation complaints, a sort of tax-valuation entrepreneur. Typically, in a manner similar to contingent-fee arrangements, such companies contact landowners and then take a

percentage of the savings to the landowner if the valuation challenge is successful. In *Sharon Village*, I was concerned over matters of accountability, liability, and adequate knowledge of the issues.

{¶ 16} However, these cases present a very different scenario from *Sharon Village* and are therefore distinguishable. In the cases currently before this court, the complaint was prepared, signed, and filed by the corporate vice president in case No. 97-2423, by the corporate president and chief executive officer in case No. 98-704, and by the school board's treasurer in case Nos. 98-758 and 98-984. None of the individuals in question is an attorney, but all are officers of corporations or officers of a school board. All are directly related to the body they represent and all have a fiduciary duty to the body they represent. Thus, there is a level of accountability and protection that did not exist in *Sharon Village*.

Case Nos. 97-2423 (Mirge Corp.) and 98-704 (Bissett Steel Company)

{¶ 17} I would find that the *Sharon Village/Union Savings Assn.* line of cases is inapplicable to these two corporations because the plain language of R.C. 5715.13 and 5715.19 provides statutory authority for a corporate officer to file a complaint with a county board of revision.

{¶ 18} R.C. 5715.19(A)(1)(e) provides that "*[a]ny person* owning taxable real property in the county or in a taxing district * * * may file such a complaint only with regard to any such determination affecting real property in the county  * * *." (Emphasis added.)

{¶ 19} Further, R.C. 5715.19(A)(2) provides that "*[n]o person*, board, or *officer* shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the *person*, board, or *officer* alleges that the valuation or assessment should be changed due to one or more of the following circumstances * * *." (Emphasis added.)

{¶ 20} "Person," as used in R.C. Title 57, is defined by R.C. 5701.01 to include corporations. R.C. 5715.19 also uses the word "officer" in conjunction with the filing party. By using the word "officer," I believe the General Assembly did not intend that counsel be hired to file such a complaint. Otherwise, the word "officer" would have no purpose in the statute. Therefore, I believe there is clear statutory intent to allow a corporate officer to file a complaint with a county board of revision.

{¶ 21} Similarly, R.C. 5715.13 provides that the county board of revision will not decrease a valuation unless "*the party affected* * * * makes and files with the board a written application * * *, verified by oath, showing the facts upon which it is claimed such decrease should be made." (Emphasis added.) This court, in *Middleton v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 226, 228, 658 N.E.2d 267, 268, held that a "party affected," for the purpose of R.C. 5715.13, "is one upon whom the decrease will produce a material influence or effect." In these cases, Barbara Bissett, the President and CEO of the Bissett Steel Company, and Walter Higginbothan, the Vice President of Mirge Corp., *officers* of their companies, are parties upon whom the decrease will produce a material influence or effect. Accordingly, as the "parties affected" and officers, they are explicitly authorized by statute to file a complaint for decrease in valuation of their corporation's property with a county board of revision.

Case Nos. 98-758 and 98-984 (Cleveland Heights/University

Heights Board of Education)

**{¶ 22}** In case Nos. 98-758 and 98-984, the school board's treasurer, Robert Burmeister, prepared, signed, and filed several counter-complaints with the county board of revision in response to complaints filed by Melvin and Daryl Ross seeking reduction in valuation of their taxable property. Again, according to the plain language of R.C. 5715.19, "Upon the filing of a complaint under this division, the *board of education* or the property owner shall be made a party to the action." R.C. 5715.19(B). Therefore, when the Cleveland Heights/University Heights Board of Education filed its counter-complaint, it became a party to this action and therefore I find its appeal should not have been dismissed by the BTA.

**{¶ 23}** Further, R.C. 5715.19 again states that "[a]ny person owning taxable real property * * *, *the board of education* of any school district with any territory in the county, * * * may file such a complaint regarding any such determination affecting any real property in the county." (Emphasis added.) R.C. 5715.19(A). If the board of education can file a complaint pursuant to R.C. 5715.19(A), why could it not file a counter-complaint pursuant to R.C. 5715.19(B)?

**{¶ 24}** A board of education may prepare and file documents only through people. The person designated to deal with these actions is the school board treasurer. R.C. 3313.31 provides that "[a]ll the duties and obligations of the county auditor, county treasurer, or other officer or person relating to the moneys of a school district shall be complied with by dealing with the treasurer of the board of education thereof." I find that R.C. 3313.31 indicates a legislative intent to allow the treasurer to file a counter-complaint under R.C. 5715.19.

**{¶ 25}** In conclusion, I would find that if a taxpayer, representing himself or herself, has the right to file a complaint, as indicated by *Sharon Village*, so can a board of education and a corporation, representing itself in a *pro se* capacity. To hold otherwise, as the majority does, creates a distinction that does not exist in the

language of R.C. 5715.19. Just as the corporate officers in Bissett Steel Company and Mirge Corp., the school board treasurer is not an independent third-party who is unrelated to the body he or she is representing. To the contrary, the corporate officers and the school board treasurer are as competent to file these documents as an individual taxpayer would be under *Sharon Village*, and they are directly accountable to the body they represent.

{¶ 26} A syllabus should be read in conjunction with the facts of a specific case. Supreme Court Rules for the Reporting of Opinions, Rule 1(B). *Sharon Village* dealt with a very different fact pattern involving unrelated "agents." Therefore, I would distinguish this case from *Sharon Village* or modify *Sharon Village* because I believe that *Sharon Village* should be limited to third-party agents who have no connection with the landowner other "than representation seeking tax reduction, to solicit and file applications pursuant to R.C. 5715.13 with a county board of revision." *Krier v. Franklin Cty. Bd. of Revision* (1994), 100 Ohio App.3d 344, 351, 654 N.E.2d 122, 127. To hold otherwise is to ignore the plain language of our statutes, and take the unauthorized practice of law concept too far by turning a simple factual issue, *i.e.*, determining the fair market value of the property, into a "lawyers-only business." See *Middleton*, 66 Ohio Misc.2d at 12, 642 N.E.2d at 73.

{¶ 27} Accordingly, I concur in the decision to reverse the decision of the BTA in case No. 97-1880, but I would reverse the decisions of the BTA in case Nos. 97-2423, 98-704, 98-758, and 98-984.

COOK, J., concurs in the foregoing opinion.

_____