JOURNAL ENTRY AND OPINION
In this accelerated calendar appeal, plaintiff-appellant, Edgewater Yacht Club, appeals the decision of the Ohio Board of Tax Appeals dismissing appellant's Complaint on Assessment of Real Property ("complaint") for lack of jurisdiction. For the reasons that follow, we reverse.
Appellant is a not-for-profit corporation that operates a yacht club at 6700 Memorial Shoreway, N.W., in Cleveland, Ohio. On February 7, 1996, appellant filed a complaint with the Cuyahoga County Board of Revision, seeking a decrease in the total taxable value for the 1995 tax year for one of the three parcels of property located at 6700 Memorial Shoreway. The complaint was prepared and subsequently filed by appellant's counsel, but it was signed by Robert Nash, General Manager of Edgewater Yacht Club. Mr. Nash is not an attorney.
After a hearing on January 10, 1997, the Cuyahoga County Board of Revision reduced the assessed value of the property by $204,300. Believing that the decision of the Board of Revision was in error, appellant appealed the decision to the Ohio Board of Tax Appeals.
Upon receipt of the Notice of Appeal and the record from the Board of Revision, the Board of Tax Appeals sua sponte issued an order requiring appellant to show cause why the Board of Tax Appeals should not remand the matter to the Board of Revision and order appellant's complaint dismissed on the authority of SharonVillage Ltd. v. Licking Cty. Bd. of Revision (1997), 78 Ohio St.3d 479. In Sharon Village, the Ohio Supreme Court held that "[t]he preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law," id. at 483, and, therefore, a Board of Revision does not have jurisdiction to consider a complaint prepared and filed by a non-attorney on behalf of a taxpayer. Accordingly, the Ohio Board of Tax Appeals ordered appellant to show cause why Nash's signature on the complaint did not constitute the unauthorized practice of law, thereby divesting the Board of Tax Appeals and the Cuyahoga County Board of Revision of jurisdiction to hear appellant's complaint.
The parties briefed the issue. In addition, on February 19, 1998, the parties filed a stipulation of facts in which they stipulated that after appellant's counsel prepared the complaint, he delivered it to Robert Nash, who verified the information contained on the complaint and then signed it. The parties further stipulated that appellant's counsel subsequently personally filed the complaint with the Board of Revision.
On October 30, 1998, the Board of Tax Appeals reversed the decision of the Cuyahoga County Board of Revision and remanded the matter to the board to dismiss appellant's complaint for lack of jurisdiction because a non-attorney had signed the complaint, even though it had been prepared and filed by an attorney.
Appellant timely appealed, presenting one assignment of error for our review:
 THE OHIO BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT THE SIGNATURE OF THE GENERAL MANAGER OF THE APPELLANT TAXPAYER ON THE COMPLAINT ON THE ASSESSMENT OF REAL PROPERTY CONSTITUTED THE UNAUTHORIZED PRACTICE OF LAW UNDER THE HOLDING OF SHARON VILLAGE LTD. V. LICKING COUNTY BOARD OF REVISION.
The issue before this court is whether the signature of a nonattorney on a complaint prepared by an attorney and subsequently filed by the attorney with the Cuyahoga County Board of Revision constitutes the unauthorized practice of law sufficient to deprive the board of jurisdiction to consider the complaint. Appellant contends that it does not; appellees contend that it does. We agree with appellant.
The Ohio Supreme Court recently addressed this issue in Bd. ofEdn. of the Worthington City School Dist. v. Franklin Cty. Bd. ofRevision (1999), 85 Ohio St.3d 156. In Worthington, four cases involving the Ohio Board of Tax Appeals' interpretation of SharonVillage were consolidated. In Case No. 97-1880, an attorney named Craig Treneff prepared and filed with the Franklin County Board of Revision a complaint on the assessment of real property owned by the Ohio Bell Telephone Company. The complaint identified Ameritech as the owner of the property and Treneff as the complainant's attorney.[1] Treneff, however, did not sign the complaint. Rather, Ameritech's property tax manager, Gregory A. Stein, reviewed and signed the complaint to verify the accuracy of the information contained therein. Stein is not a lawyer, but reviewed and signed the complaint at Treneff's direction.
Acting on the complaint, the Franklin County Board of Revision granted a valuation reduction for the subject property. On appeal, however, the Ohio Board of Tax Appeals, relying on Sharon Village,
found that the board of revision lacked jurisdiction to hear the complaint. Specifically, the Board of Tax Appeals found that Treneff, a lawyer, had prepared and filed the complaint, but that Stein had engaged in the unauthorized practice of law by reviewing the prepared complaint and by signing it. Accordingly, the Board of Tax Appeals reversed the decision of the Franklin County Board of Revision and remanded the matter to that board to dismiss Ameritech's complaint for lack of jurisdiction.
The Supreme Court, however, reversed the decision of the Board of Tax Appeals. The Court stated:
 In Sharon Village * * *, we held that "[t]he preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law." Thus, an attorney, or the owner of the property, must prepare and file the complaint. * * *
 Treneff, an attorney, prepared and filed or caused to be filed the complaint at issue. This satisfies the requirements of Sharon Village. The fact that Ameritech Corporation's property tax manager, Gregory A. Stein, reviewed and signed the prepared complaint is not fatal. Stein simply reviewed the prepared complaint to verify the accuracy of the information contained therein, and he signed the complaint for that same purpose at the direction of Treneff. Stein did not engage in the practice of law. Accordingly, we find that the Franklin County Board of Revision had jurisdiction to consider the complaint by "Ameritech," a registered trade name under which Ohio Bell, the property owner, may "commence * * * an action," * * * since the complaint was prepared and filed by an attorney on Ohio Bell's behalf. Id.
at 158 (Emphasis in original.)
The facts in this case are identical to those discussed inWorthington. The parties stipulated that appellant's counsel prepared and filed the complaint with the Cuyahoga County Board of Revision. They further stipulated that Nash simply verified the information contained in the complaint and then signed it.
Accordingly, on the basis of Worthington, supra, we hold that Nash did not engage in the practice of law. We further find that appellant's counsel's preparation and filing of the complaint were sufficient to satisfy the requirements of Sharon Village.
Therefore, the Cuyahoga County Board of Revision had jurisdiction to hear appellant's complaint because the complaint was prepared and filed by an attorney on appellant's behalf.
Appellant's assignment of error is, therefore, well-taken and the decision of the Ohio Board of Tax Appeals is reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ TIMOTHY E. McMONAGLE JUDGE
KARPINSKT. P.J. and
ROCCO. J. CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Under the terms of a Close Corporation Agreement between Ameritech Corporation and Ohio Bell, Ameritech has the authority to manage the business and affairs of Ohio Bell and may exercise all powers and perform all lawful acts that Ohio Bell might do.