OPINION
Appellant, K Y Corp., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, the Ohio State Liquor Control Commission ("commission"), revoking appellant's liquor license for paying for alcoholic beverages with checks that were dishonored due to insufficient funds in violation of Ohio Adm. Code4301:1-1-43(I).
Appellant asserts the following assignments of error:
 I. THE DECISION OF THE TRIAL COURT, UPHOLDING THE ORDER OF THE APPELLEE, WAS UNLAWFUL AS THAT ORDER VIOLATED APPELLANT'S PROCEDURAL DUE PROCESS RIGHTS IN REFUSING APPELLANT'S MANAGER FROM TESTIFYING AT THE HEARING.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE DECISION OF THE OHIO LIQUOR CONTROL COMMISSION IN REVOKING APPELLANT'S LIQUOR PERMIT WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
Appellant is the owner of a business known as USA Market, located at 2185 West Mound Street, Columbus, Ohio. Appellant is the holder of a C1 and C2 liquor permit issued by the commission, which authorizes it to sell liquor on the permit premises. The commission received information from Central Beverages that appellant had made purchases of beer from them paying by checks which were dishonored because of insufficient funds. Copies of the checks, which indicate they were used to buy beer, are included in the record as follows: October 13, 1999, $321.58; October 19, 1999, $343.73; and October 26, 1999, $357.10, all payable to Central Beverages. After an investigation, the commission charged appellant, as the permit holder, with violations of Ohio Adm. Code 4301:1-1-43(I). An investigator gave notice to the manager of USA Market, Yazan Alkhadra, of the violations on December 13, 1999.
Notice of a hearing scheduled for April 5, 2000 was sent to USA Market and signed as received on March 10, 2000.
There was no request for continuance of the hearing, nor indication that appellant would present a representative or attorney to attend the hearing. Similarly, appellant offered no proof that the bad checks had been satisfied. When the cases were called for hearing on April 5, 2000, neither appellant, counsel, nor a corporate representative appeared. The only person to appear for appellant was Alkhadra, who stated that he was manager of the permit premises. Alkhadra stated he had appeared because he received the notice last week (even though Exhibit B reveals the notice was signed for on March 10, 2000, almost four weeks prior to the hearing). Alkhadra stated that the owner of the corporation was traveling overseas and conceded that he had no express authorization to attend the hearing on behalf of the corporation.
The hearing then proceeded with appellant's case. An investigator of the commission testified that the bad checks had been issued by USA Market and that as of April 3, 2000, the checks remained unpaid. Exhibits A, B, and C were admitted into the record which consisted of the notice of hearing, the signed and returned certified mail card, and the investigator's report with copies of the bad checks.
After presentation of the investigator's testimony, Alkhadra attempted to say something but was prohibited from doing so because he had no authorization to appear on behalf of the permit holder.
The commission found appellant guilty of the violations and revoked its liquor permit.
The trial court rejected the contentions that appellant makes in this appeal and found that the order of the commission was supported by reliable, probative and substantial evidence and was in accordance with law. On appeal, our scope of review is to determine whether the trial court abused its discretion in making its decision. Pons v. Ohio State Medical Bd. (1993), 66 Ohio St.3d 619, 621.
The trial court correctly ruled that Alkhadra, a layman who is manager of USA Market, cannot represent a permit holder at a commission hearing. Representation of a corporation by a non-attorney constitutes the unauthorized practice of law. R.C. 119.13 states, as pertinent here, that only an attorney at law may represent a party at any hearing conducted pursuant to R.C. 119.01 to 119.13. Even an officer of a corporation cannot represent the corporation unless he is an attorney. See Worthington Bd. of Edn. v. Bd. of Revision (1999), 85 Ohio St.3d 156, 160-161. A non-attorney cannot represent permit holders at a commission hearing because the representation by a non-attorney constitutes the unauthorized practice of law. Disciplinary Counsel v. Molnar (1990), 57 Ohio Misc.2d 39.
The argument that Alkhadra appeared only as a witness, not representing the corporation, is disingenuous. Attorneys call the witnesses, and through their witnesses educe testimony. There was no one at the hearing authorized to call the manager as a witness. Thus, there was no violation of due process in refusing to allow the manager to make a statement. Appellant's first assignment of error is overruled.
Appellant's second assignment of error alleges that the trial court abused its discretion when it found that the order of the commission in revoking its liquor permit was supported by reliable, probative, and substantial evidence.
In conducting the hearing, the commission is not bound by the rules of evidence. The testimony by its investigator was clear. He had possession of the three checks rejected for insufficient funds that were made payable to Central Beverages, a beer and wine supplier, containing the notation that the checks were "for beer." The checks had not been paid at the time the violation was issued, which was over a month after the checks were issued, and according to the investigator, remained unpaid only two days before the hearing. Although the latter testimony is based on hearsay, it is sufficiently reliable because at no time had the permit holder informed the commission that the checks had been made good nor had anyone else. The hearing was almost six months after the checks were issued and the permit holder had full notice of the charges at least at the time the notice of violation was presented to the manager on the premises in December, about four months prior to the hearing.
In the case of Chesters, Inc. v. Liquor Control Comm. (May 18, 2000), Franklin C.P. No. 99CVF07-6091, unreported, a permit holder appealed a five-day suspension for violating the same rule as in this case, issuing a check that bounced for insufficient funds. Chesters, Inc., the permit holder, did make payment on the check prior to the commission hearing. In affirming the suspension order, the common pleas court stated: "Appellant violated a regulation of the Commission when it issued the bad check regardless of the fact that it later made it good." We agree with that analysis. Even if the manager were to testify that at some period the checks had been made good, it would not change the fact that there were three violations on three successive weeks when bad checks were issued. However, the evidence does not indicate that the checks were ever made good.
As noted by the trial court, the court may not substitute its judgment as to penalty where the one employed by the commission is a lawful one. Henry's Café, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233. Appellant's second assignment of error is overruled.
Having overruled appellant's two assignments of error, the judgment of the trial court is affirmed.
 ___________________ McCORMAC, J.
BOWMAN and PETREE, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.